IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARK CAMBIANO**                                                                              **PLAINTIFF**

v.                                       Case No. 4:20-cv-01063-KGB

**KEVIN MARK KELSAY and**
**THOMAS G. GARRISON**                                                   **DEFENDANTS**

## ORDER

Before the Court is defendant Kevin Mark Kelsay's motion for leave to proceed *in forma pauperis* (Dkt. No. 1). Mr. Kelsay filed a notice of removal (Dkt. No. 2). Also before the Court is plaintiff Mark Cambiano's motion for remand to state court (Dkt. No. 5), to which Mr. Kelsay responded in opposition (Dkt. No. 9). For the following reasons, the Court grants Mr. Kelsay's motion for leave to proceed *in forma pauperis* (Dkt. No. 1) and grants Mr. Cambiano's motion for remand to state court (Dkt. No. 5).

    **I.**     **Motion For Leave To Proceed In Forma Pauperis**

Mr. Kelsay filed a notice of removal, and as the party instituting this civil action in federal court, he must pay the filing fee. 28 U.S.C. § 1914(a). Under 28 U.S.C. § 1915, the decision to grant or deny *in forma pauperis* status is within the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (citations omitted). Although a claimant need not be "completely destitute" to take advantage of the *in forma pauperis* statute, he or she must show that paying the filing fee would result in an undue financial hardship. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986).

In his application, Mr. Kelsay states that his take-home wages are $1,000.00 per two weeks and that he has $100.00 in cash or in a checking or savings account, a "2002 Buick worth a few hundred dollars," and "[n]othing else of value" (Dkt. No. 1, at 1–2). Thus, the Court estimates

Mr. Kelsay's annual income at $26,000.00.  Mr. Kelsay lists recurring monthly expenses in the amount of $1,805.00 (*Id.*, at 2).  Mr. Kelsay claims no dependents and lists debt or financial obligations in the amount of $20,000.00 in student loans (*Id.*).

Based on Mr. Kelsay's representations, it appears that he does not have the ability to pay the filing fee without suffering an undue hardship.  Accordingly, the Court grants Mr. Kelsay's application to proceed *in forma pauperis* (Dkt. No. 1).

## II.     Motion For Remand To State Court

Mr. Cambiano originally filed this action in the Circuit Court of Conway County, Arkansas, on September 8, 2017 (Dkt. No. 3).  Mr. Cambiano named Mr. Kelsay and Thomas Garrison as defendants (Dkt. No. 3).  Mr. Cambiano filed a second amended complaint in that court on July 1, 2020, naming as defendants Mr. Kelsay, Mr. Garrison, and Flywheel Energy Production, LLC (Dkt. No. 4).  Mr. Kelsay then filed a notice of removal in this Court on September 3, 2020 (Dkt. No. 2).  Mr. Kelsay contends that this Court has diversity jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.00, based on Mr. Cambiano's claim for damages of more than $89,592.28 in a "Third Amendment to Complaint as to Count II of Declaratory Judgment Determining heirship and Complaint for Damages" (*Id.*, at 4).[1]  Mr. Cambiano responds that this Court lacks jurisdiction

---

[1]  The record before the Court contains a complaint filed on September 8, 2017 (Dkt. No. 3) and a second amended complaint filed on July 1, 2020 (Dkt. No. 4), both of which were included as attachments to Mr. Kelsay's notice of removal (Dkt. No. 2, at 15, 32).  In his brief in support of response to motion to remand, Mr. Kelsay represents that Mr. Cambiano filed an initial complaint and three subsequent amended complaints in the Circuit Court of Conway County:  an initial complaint filed on September 18, 2017; an amended complaint filed on September 25, 2017; a third amended complaint filed on November 22, 2019; and an amended complaint filed on July 1, 2020 (Dkt. No. 9, ¶ 16).  However, a third amendment to Mr. Cambiano's complaint does not appear in the record before the Court.  Accordingly, the Court will address the parties' arguments regarding the original complaint filed on September 8, 2017 (Dkt. No. 3), and the second amended complaint filed on July 1, 2020 (Dkt. No. 4).

because the amount in controversy is $74,500.00, based on the claim for relief in the second amended complaint filed in the Circuit Court of Conway County on July 1, 2020 (Dkt. No. 5, at 1). However, Mr. Kelsay argues that Mr. Cambiano's second amended complaint is not the operative complaint because Mr. Cambiano has yet to serve properly defendants with the second amended complaint (Dkt. No. 2, at 2–3). Mr. Kelsay further contends that this Court has federal question jurisdiction because, according to Mr. Kelsay, Mr. Cambiano is engaging in conduct prohibited by federal law (*Id.*, at 6–7).

A defendant may remove a case from state court to federal court if the action could have been brought originally in federal court. *See* 28 U.S.C. § 1441. To do so, "a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). A cause of action based on federal question jurisdiction must arise under federal law. 28 U.S.C. § 1331. Under the "well-pleaded complaint" rule, a federal cause of action must be stated on the face of a plaintiff's complaint before a defendant may remove the action based on federal question jurisdiction. *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 542–43 (8th Cir. 1996) (citations omitted). "A federal defense . . . does not give the defendant the right to remove to federal court." *Id.* Further, a cause of action based on diversity jurisdiction must meet two requirements: The plaintiffs must be completely diverse from the defendants, and the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. § 1332(a).

Under 28 U.S.C. § 1446, a party must file a notice of removal "within 30 days of receipt by the defendant, through service or otherwise, of a copy of the initial pleading" or "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one

which is or has become removable." 28 U.S.C. §§ 1446(b)(1), (b)(3). However, "[a] case may not be removed under subsection (b)(3) on the basis of [diversity jurisdiction] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).

On the record before it, this Court concludes that Mr. Kelsay's removal of this action is time-barred under 28 U.S.C. § 1446. To the extent that Mr. Kelsay seeks removal on the basis of federal question jurisdiction, Mr. Kelsay did not file a notice of removal within 30 days of receipt of the initial pleading or any subsequent amended pleading. Even if Mr. Kelsay had filed a timely notice of removal, this Court lacks federal question jurisdiction. Regardless of whether Mr. Cambiano's initial or second amended complaint is his operative complaint, either complaint seeks a declaratory judgment determining heirship to mineral rights and alleges only state causes of action against Mr. Kelsay and Mr. Garrison (Dkt. Nos. 3, at 14–15; 4, at 15–16). The Court is not persuaded by Mr. Kelsay's argument that the Court has federal question jurisdiction based on Mr. Kelsay's allegation that Mr. Cambiano committed mail fraud in violation of a federal criminal statute (Dkt. No. 2, at 6–7). Rather, no federal cause of action appears on the face of Mr. Cambiano's initial complaint or second amended complaint. Accordingly, neither complaint states a cause of action which arises under federal law as required by 28 U.S.C. § 1331, and this Court lacks federal question jurisdiction.

Additionally, to the extent that Mr. Kelsay seeks removal on the basis of diversity jurisdiction, more than one year has passed since this action was commenced. The Court finds no evidence in the record indicating that Mr. Cambiano acted in bad faith pursuant to 28 U.S.C. § 1446(c)(1). Even assuming, as Mr. Kelsay argues, that service of the second amended complaint was insufficient and that the amount in controversy exceeds $75,000.00 (Dkt. No. 2, at 2–3),

4

removal of this three-year-old action is time-barred by the one-year limitation under 28 U.S.C. § 1446(c)(1).  Further, if the second amended complaint is the operative complaint, this Court also lacks jurisdiction because the amount in controversy is $74,500.00, based on the claim for relief in the second amended complaint (Dkt. No. 5, at 1).

In his motion for remand, Mr. Cambiano also asks that the Court award "his costs and all proper relief" (Dkt. No. 5, at 7).  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "[T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Here, the Court declines to find that Mr. Kelsay lacked an objectively reasonable basis for seeking removal, and Mr. Cambiano has not demonstrated unusual circumstances in this case.  Therefore, the Court denies Mr. Cambiano's motion to remand to the extent that it seeks an award for costs and attorney's fees.

### III.     Conclusion

For the foregoing reasons, the Court grants Mr. Kelsay's motion for leave to proceed *in forma pauperis* (Dkt. No. 1).  The Court further grants in part Mr. Cambiano's motion to the extent that it seeks remand to state court (Dkt. No. 5).  The Court denies in part Mr. Cambiano's motion to the extent that it seeks an award for costs and attorney's fees (Dkt. No. 5).  The Court denies as moot Mr. Kelsay's motion to strike pleadings and motion for sanctions and Mr. Kelsay's motion to dismiss (Dkt. Nos. 8, 10).  The Court directs the Clerk to remand this case immediately to the Circuit Court of Conway County, Arkansas.

So ordered this 8th day of December, 2020.

_____
Kristine G. Baker
United States District Judge